# UNITED STATES DISTRICT COURT
Northern District of Illinois

| | |
|---|---|
| UNITED STATES OF AMERICA<br>v.<br>CARMITA COLEMAN | **JUDGMENT IN A CRIMINAL CASE**<br><br>Case Number: 1:20-CR-00821(1)<br>USM Number: 21754-509<br><br>Michael Irving Leonard<br>Defendant's Attorney |

**THE DEFENDANT:**

☒ pleaded guilty to count one (1) of the indictment.
☐ pleaded nolo contendere to count(s)       which was accepted by the court.
☐ was found guilty on count(s)       after a plea of not guilty.

The defendant is adjudicated guilty of these offenses:

| Title & Section / Nature of Offense | Offense Ended | Count |
|---|---|---|
| 18 U.S.C. § 1343 Wire Fraud | 10/01/2016 | 1 |

The defendant is sentenced as provided in pages 2 through 6 of this judgment. The sentence is imposed pursuant to the Sentencing Reform Act of 1984.

☐ The defendant has been found not guilty on count(s)
☒ Any and all remaining counts are dismissed on the motion of the United States.

It is ordered that the defendant must notify the United States Attorney for this District within 30 days of any change of name, residence, or mailing address until all fines, restitution, costs, and special assessments imposed by this judgment are fully paid. If ordered to pay restitution, the defendant must notify the court and United States Attorney of material changes in economic circumstances.

May 4, 2022
Date of Imposition of Judgment

_signature_
Signature of Judge

Matthew F. Kennelly, United States District Judge
Name and Title of Judge

5-9-2022
Date

DEFENDANT: CARMITA COLEMAN
CASE NUMBER: 1:20-CR-00821(1)

# IMPRISONMENT

The defendant is hereby committed to the custody of the Federal Bureau of Prisons to be imprisoned for a total term of:
Twelve (12) months and one (1) day as to count one (1) of the indictment.

☒ The court makes the following recommendations to the Bureau of Prisons: The Court recommends that the defendant be designated to a Federal Prison Camp or similar institution as close to Chicago Illinois as possible due to the need for the defendant to maintain contact with her special-needs son for whom she has been the primary caregiver. Any costs of imprisonment are waived due to the defendant's inability to pay.

☐ The defendant is remanded to the custody of the United States Marshal.

☐ The defendant shall surrender to the United States Marshal for this district:

   ☐ at           on

   ☐ as notified by the United States Marshal.

☒ The defendant shall surrender for service of sentence at the institution designated by the Bureau of Prisons:

   ☒ before 2:00 pm on 9/8/2022

   ☐ as notified by the United States Marshal.

   ☐ as notified by the Probation or Pretrial Services Office.

# RETURN

I have executed this judgment as follows: _____
_____
_____

Defendant delivered on _____ to _____ at_____, with a certified copy of this judgment.

_____
UNITED STATES MARSHAL

By _____
DEPUTY UNITED STATES MARSHAL

Case: 1:20-cr-00821 Document #: 45 Filed: 05/09/22 Page 3 of 6 PageID #:183
ILND 245B (Rev. 03/12/2020) Judgment in a Criminal
Case Sheet 3 – Supervised Release                                                                                           Judgment – Page 3 of 6

DEFENDANT: CARMITA COLEMAN
CASE NUMBER: 1:20-CR-00821(1)

# MANDATORY CONDITIONS OF SUPERVISED RELEASE PURSUANT TO 18 U.S.C § 3583(d)

Upon release from imprisonment, you shall be on supervised release for a term of:
Two (2) years as to count one (1) of the indictment. Any costs of supervision are waived due to the defendant's inability to pay.

The court imposes those conditions identified below:

**During the period of supervised release:**

1. The defendant shall not commit another Federal, State, or local crime.

2. The defendant shall not unlawfully possess a controlled substance.

3. The defendant shall cooperate in the collection of a DNA sample if the collection of such a sample is required by law.

# DISCRETIONARY CONDITIONS OF SUPERVISED RELEASE PURSUANT TO 18 U.S.C § 3563(b) AND 18 U.S.C § 3583(d)

**Discretionary Conditions** — The court orders that you abide by the following conditions during the term of supervised release because such conditions are reasonably related to the factors set forth in **§ 3553(a)(1)** and **(a)(2)(B), (C, and (D);** such conditions involve only such deprivations of liberty or property as are reasonably necessary for the purposes indicated in **§ 3553 (a)(2) (B), (C), and (D);** and such conditions are consistent with any pertinent policy statement issued by the Sentencing Commission pursuant to **28 U.S.C. 994a**.
The court imposes those conditions identified below:

**During the period of supervised release:**

1. The defendant shall seek, and work conscientiously at, lawful employment or, if she is not gainfully employed, the defendant shall pursue conscientiously a course of study or vocational training that will equip her for employment.

2. The defendant shall refrain from engaging any occupation that involves managing or overseeing the finances of any entity.

3. The defendant shall not knowingly meet or communicate with any person whom she knows to be engaged, or planning to be engaged, in criminal activity.

4. The defendant shall refrain from excessive use of alcohol (defined as having a blood alcohol concentration greater than 0.08%;), and from any use of a narcotic drug or other controlled substance, as defined in § 102 of the Controlled Substances Act (21 U.S.C. § 802), without a prescription by a licensed medical practitioner.

5. The defendant shall not possess a firearm, destructive device, or other dangerous weapon.

6. The defendant shall participate, at the direction of a probation officer, in a mental health treatment program, and shall take any medications prescribed by the mental health treatment provider.

7. The defendant shall not knowingly leave from the federal judicial district where you are being supervised, unless granted permission to leave by the court or a probation officer. The geographic area of the Northern District of Illinois currently consists of the Illinois counties of Cook, DuPage, Grundy, Kane, Kendall, Lake, LaSalle, Will, Boone, Carroll, DeKalb, Jo Daviess, Lee, McHenry, Ogle, Stephenson, Whiteside, and Winnebago.

8. The defendant shall report to the probation office in the federal judicial district to which she is released within 72 hours of her release from imprisonment. The defendant shall thereafter report to a probation officer at reasonable times as directed by the court or a probation officer.

9. The defendant shall permit a probation officer to visit the defendant at any reasonable time at home or any other reasonable location that the probation officer may enter by right or consent. The defendant shall permit confiscation of any contraband observed in plain view of

DEFENDANT:  CARMITA COLEMAN
CASE NUMBER:  1:20-CR-00821(1)

the probation officers.

10. The defendant shall notify a probation officer within 72 hours, after becoming aware of any change in residence, employer, or workplace and, absent constitutional or other legal privilege, answer inquiries by a probation officer. The defendant shall answer truthfully any inquiries by a probation officer, subject to any constitutional or other legal privilege.

11. The defendant shall notify a probation officer within 72 hours if after being arrested, charged with a crime, or questioned by a law enforcement officer.

12. The defendant shall satisfy such other special conditions as ordered below.


**SPECIAL CONDITIONS OF SUPERVISED RELEASE PURSUANT TO 18 U.S.C. 3563(b)(22) and 3583(d)**
The court imposes those conditions identified below:

**During the term of supervised release:**

1. The defendant shall, if unemployed after the first 60 days of supervision, or if unemployed for 60 days after termination or lay-off from employment, perform at least 10 hours of community service per week at the direction of the U.S. Probation Office until gainfully employed. The amount of community service shall not exceed 200 hours.

2. The defendant shall not open additional lines of credit without the approval of a probation officer unless she is in compliance with the financial obligations imposed by this judgment.

3. The defendant shall provide a probation officer with access to any requested financial information necessary to monitor compliance with conditions of supervised release.

4. Within 72 hours of any significant change in the defendant's economic circumstances that might affect her ability to pay restitution, fines, or special assessments, she must notify the probation officer of the change.

5. The defendant shall pay to the Clerk of the Court any financial obligation ordered herein that remains unpaid at the commencement of the term of supervised release, at a rate of not less than 10% of the total of her gross earnings minus federal and state income tax withholdings.

6. The defendant shall not enter into any agreement to act as an informer or special agent of a law enforcement agency without the permission of the court.

DEFENDANT: CARMITA COLEMAN
CASE NUMBER: 1:20-CR-00821(1)

# CRIMINAL MONETARY PENALTIES

The defendant must pay the total criminal monetary penalties under the schedule of payments on Sheet 6.

|        | **Assessment** | **Restitution** | **Fine** | **AVAA Assessment*** | **JVTA Assessment**** |
|--------|----------------|-----------------|----------|----------------------|-----------------------|
| **TOTALS** | $100.00 | $490,528.61 | $.00 | $.00 | $.00 |

☐ The determination of restitution is deferred until ____. An *Amended Judgment in a Criminal Case (AO 245C)* will be entered after such determination.

☐ The defendant must make restitution (including community restitution) to the following payees in the amount listed below.

If the defendant makes a partial payment, each payee shall receive an approximately proportioned payment, unless specified otherwise in the priority order or percentage payment column below. However, pursuant to **18 U.S.C. § 3664(i)**, all nonfederal victims must be paid before the United States is paid.

Restitution of $490,528.61 to:

C/O KIMBERLY LEWIS, EXECUTIVE DIRECTOR STUDENT NAT

☐ Restitution amount ordered pursuant to plea agreement $

☐ The defendant must pay interest on restitution and a fine of more than $2,500, unless the restitution or fine is paid in full before the fifteenth day after the date of the judgment, pursuant **to 18 U.S.C. § 3612(f)**. All of the payment options on Sheet 6 may be subject to penalties for delinquency and default, pursuant to **18 U.S.C. § 3612(g)**.

☒ The court determined that the defendant does not have the ability to pay interest and it is ordered that:

☒ the interest requirement is waived for the restitution.

☐ the interest requirement for the ____ is modified as follows:

☐ The defendant's non-exempt assets, if any, are subject to immediate execution to satisfy any outstanding restitution or fine obligations.

\* Amy, Vicky, and Andy Child Pornography Victim Assistance Act of 2018, Pub. L. No. 115-299.
\*\* Justice for Victims of Trafficking Act of 2015, Pub. L. No. 114-22.
\*\*\* Findings for the total amount of losses are required under Chapters 109A, 110, 110A, and 113A of Title 18 for offenses committed on or after September 13, 1994, but before April 23, 1996.

DEFENDANT: CARMITA COLEMAN
CASE NUMBER: 1:20-CR-00821(1)

# SCHEDULE OF PAYMENTS

Having assessed the defendant's ability to pay, payment of the total criminal monetary penalties is due as follows:

**A** ☒ Lump sum payment of $490,628.61 due immediately.

    ☐ balance due not later than    , or

    ☒ balance due in accordance with ☐ C, ☐ D, ☐ E, or ☒ F below; or

**B** ☐ Payment to begin immediately (may be combined with ☐ C, ☐ D, or ☐ F below); or

**C** ☐ Payment in equal    *(e.g. weekly, monthly, quarterly)* installments of $    over a period of    *(e.g., months or years)*, to commence    *(e.g., 30 or 60 days)* after the date of this judgment; or

**D** ☐ Payment in equal    *(e.g. weekly, monthly, quarterly)* installments of $    over a period of    *(e.g., months or years)*, to commence    *(e.g., 30 or 60 days)* after release from imprisonment to a term of supervision; or

**E** ☐ Payment during the term of supervised release will commence within    *(e.g., 30 or 60 days)* after release from imprisonment. The court will set the payment plan based on an assessment of the defendant's ability to pay at that time; or

**F** ☒ Special instructions regarding the payment of criminal monetary penalties: The defendant shall pay to the Clerk of the Court any financial obligation ordered herein that remains unpaid at the commencement of the term of supervised release, at a rate of not less than 10% of the total of her gross earnings minus federal and state income tax withholdings.

Unless the court has expressly ordered otherwise, if this judgment imposes imprisonment, payment of criminal monetary penalties is due during imprisonment. All criminal monetary penalties, except those payments made through the Federal Bureau of Prisons' Inmate Financial Responsibility Program, are made to the clerk of the court.

The defendant shall receive credit for all payments previously made toward any criminal monetary penalties imposed.

☐ Joint and Several

| Case Number Defendant and Co-Defendant Names (including defendant number) | Total Amount | Joint and Several Amount | Corresponding Payee, if Appropriate |
|---|---|---|---|

**See above for Defendant and Co-Defendant Names and Case Numbers (*including defendant number*), Total Amount, Joint and Several Amount, and corresponding payee, if appropriate.**

☐ The defendant shall pay the cost of prosecution.

☐ The defendant shall pay the following court cost(s):

☐ The defendant shall forfeit the defendant's interest in the following property to the United States:

Payments shall be applied in the following order: (1) assessment, (2) restitution principal, (3) restitution interest, (4) AVAA assessment, (5) fine principal, (6) fine interest, (7) community restitution, (8) JVTA assessment, (9) penalties, and (10) costs, including cost of prosecution and court costs.